**WESTERMAN et al. v. MIMS, Secretary of State, et al.  (No. 3386; Motion No. 4875.)**

(Supreme Court of Texas.  Oct. 13, 1920.)

Motion by H. Westerman and another for leave to file petition for mandamus against C. D. Mims, Secretary of State, and others.  Motion granted.

Frank S. Anderson, of Galveston, for relators.

C. M. Cureton, Atty. Gen., C. L. Stone, Asst. Atty. Gen., and James B. Stubbs, of Galveston, for respondents.

PER CURIAM.  Motion granted.

PHILLIPS, C. J. (dissenting).  The purpose of this proceeding is the issuance of a mandamus by this court requiring the Secretary of State to direct the printing of the name of Aubrey Fuller upon the official ballot for the general election in November in Galveston County, as an independent candidate for District Judge of the Fifty-sixth District.  Mr. Fuller, it is revealed by the petition, voted in the Democratic primary held in the County in July, in which Hon. Robert G. Street was the successful candidate for the nomination for the same office, and subscribed to the statutory pledge to support the nominees of the primary.

The right to the mandamus is based upon the holding of the majority of this Court in the Woman Suffrage Case (Koy v. Schneider, 218 S. W. 479), that notwithstanding the statute requiring a voter in a party primary to agree that he will support the nominees of the primary, he is under no legal obligation to do so, and may vote as he chooses in the general election.  I entered my emphatic dissent from that decision, and as emphatically dissent from its application here.

The chief design of our laws governing primary elections is to protect the integrity of a party nomination.  If the primary binds nobody, if one who participates in it and subjects himself to the statutory pledge and its corresponding statutory obligation, is at liberty to repudiate its whole purpose and result, and not only may vote as he pleases in the general election, but as an independent candidate in such election may legally oppose one of its nominees, the primary is a farce and our statutes governing the subject are but empty pronouncements.  Such is not my view of the law.

The relators in my opinion show no right to a mandamus and this motion should be refused.